UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KAREEM LEE,

                       Plaintiff,      REPORT AND RECOMMENDATION

v.

                                      20-CV-6176-EAW-MJP

INVESTIGATOR JOHN DOE, et al.,

                       Defendants.

---

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Kareem Lee<br>2085 Rockaway Parkway, Apt. #3-B<br>Brooklyn, NY 11236<br>PRO SE |
| For Defendants: | Muditha Halliyadde<br>NYS Office of The Attorney General<br>The Capitol<br>Ste Albany<br>Albany, NY 12224-0341 |

## REPORT AND RECOMMENDATION

### INTRODUCTION

**Pedersen, M.J.** *Pro se* plaintiff Kareem Lee ("Plaintiff") commenced this action on March 23, 2020, asserting claims under 42 U.S.C. § 1983. (ECF No. 1.) Presently before the Court is a motion for an order dismissing this action pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b) made on behalf of the State Defendants, D. Gleason, R. Shields, C. McCargar, K. Diana, M. Griffin, A. Sciolino, M. Thoms, and T. Sheldon (hereinafter, collectively, "State Defendants").

For the reasons set forth below, the undersigned recommends that the District Court dismiss Plaintiff's action as to the State Defendants.

1

## STANDARD OF LAW

In a text order entered on May 27, 2022, the Honorable Elizabeth A. Wolford referred "Defendants' Motion to Dismiss filed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Dkt. 50) [ ] to the Hon. Mark W. Pedersen for resolution of dispositive issues, including to issue a Report and Recommendation on Defendants' Motion to Dismiss, if necessary." (ECF No. 51.)

## PROCEDURAL BACKGROUND

Upon order of the Court, the Clerk of the Court entered Judgment administratively terminating Plaintiff's action on March 31, 2020, for Plaintiff's failure to pay the filing fee and provide a complete application for *in forma pauperis*. (Order, ECF No. 4; Judgment, ECF No. 5.) However, it appears that Plaintiff thereafter paid the filing fee, and the Clerk of the Court reopened Plaintiff's case. Plaintiff affected service on the State Defendants[1] (ECF Nos. 18–24 & 26) and the State Defendants filed answers in December, 2021. (ECF Nos. 29–36.)

On January 13, 2022, the Court mailed Plaintiff a notice in the form of a text order, indicating that the undersigned set up a scheduling conference for February 9, 2022, at 9:30 a.m. (ECF No. 40.) The undersigned's Courtroom Deputy mailed a copy of the notice to Plaintiff's last known address listed on the docket. Plaintiff failed to appear for the February 9, 2022, scheduling conference, at which the undersigned and counsel for the State Defendants were present. (ECF No. 45, Minute Entry for

---

[1] It appears that Plaintiff was twice unsuccessful in affecting service on defendant Raul Hernandez, as the Notice and Acknowledgment of Receipt of Summons and Complaint by Mail directed to Raul Hernandez was returned unexecuted on December 8, 2021, and March 30, 2022. (ECF Nos. 28 & 49.)

2

proceedings held before the undersigned on Feb. 9, 2022.)

Due to Plaintiff's failure to appear at the scheduled date and time, the undersigned issued an Order to Show Cause on February 14, 2022, which specifically set a deadline of March 11, 2022, for Plaintiff to show cause as to why the undersigned should not recommend to the District Court that the case be involuntarily dismissed with prejudice pursuant to FRCP 41(b) for failure to prosecute. (ECF No. 46.) The undersigned's Courtroom Deputy mailed a copy of the Order to Show Cause and a copy of the Notice of Electronic Filing in connection with the Order to Show Cause to Plaintiff on February 12, 2022. (*Id.*) Plaintiff has not responded to the Order to Show Cause to date.

On May 27, 2022, counsel for the State Defendants made a motion to correct the following names on the docket: "Mccreggor" should be corrected to read "C. McCargar;" "Scivino" should be corrected to read "A. Sciolino;" and "Thomas Matthews" should be corrected to read "Matthew Thoms." (ECF No. 52.) The undersigned granted the motion and directed the Clerk of the Court to correct the aforementioned names on the docket. (ECF No. 53.)

The State Defendants filed the present motion to dismiss on April 25, 2022, seeking an order dismissing this case pursuant to FRCP 41(b). (Not. of Mot., ECF No. 50.) The State Defendants contend that, as of the date of the filing of their motion, Plaintiff failed to respond to the undersigned's Order to Show Cause. (Declaration of Muditha Halliyadde ("Halliyadde Decl.") ¶ 4, Apr. 25, 2022, ECF No. 50-1.) In addition, the State Defendants contend that on February 28, 2022, they mailed correspondence containing their Rule 26 disclosures to Plaintiff at his Brooklyn

address, and have not received any response. (*Id.* at ¶ 5 & Ex. 1.) In the same correspondence, the State Defendants also included two HIPAA authorizations for Plaintiff's execution, which would enable them to obtain Plaintiff's medical records. (*Id.* at ¶ 7) However, Plaintiff never returned the executed authorizations. (*Id.*) Finally, counsel for the State Defendants spoke with Plaintiff on March 10, 2022, when Plaintiff called to inquire "how [defense counsel] think [sic] about the case." (*Id.* ¶ 6.) Defense counsel indicated that she did not understand the meaning of Plaintiff's question and asked Plaintiff to write to the Court, with a copy to her, about the case. (*Id.*) Neither the State Defendants nor the undersigned received any letter from Plaintiff. (*Id.*)

## DISCUSSION

FRCP 41(b) provides as follows:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit has outlined several factors courts must consider before dismissing a lawsuit for failure to prosecute. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). These factors include: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether

4

plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less dramatic than dismissal." *Id.* at 535 (citations omitted).

Here, Plaintiff has made no efforts to move his case forward. In reviewing the docket, it appears that Plaintiff's last filing occurred on December 29, 2021, when he filed a notice of change of address, dated December 21, 2021, which is the address presently reflected on the docket. (ECF No. 39.) Further, Defendant failed to appear for the February 9, 2022, scheduling conference and did not file a "Proposed Discovery Plan" in accordance with the undersigned's January 13, 2022, Order. (ECF No. 40.) Plaintiff thereafter failed to respond to the Order to Show Cause by the March 11, 2022, deadline. Accordingly, it has been almost three months since Plaintiff failed to respond to the Order to Show Cause and over four months since Plaintiff failed to appear for the scheduling conference. The undersigned believes that Plaintiff's approximately four-month period of seemingly deliberate inaction weighs in favor dismissal of the case.[2] *Sharon L. Klein, Individually & as Ex'x of the Est. of Daniel O. Klein, deceased v. United States of America, et al.*, No. 1:18-CV-00360-EAW-MJR, 2020 WL 13200596, at *2 (W.D.N.Y. Dec. 1, 2020), *report and recommendation adopted*, No. 1:18-CV-00360 EAW, 2021 WL 8086562 (W.D.N.Y. Jan. 7, 2021)

---

[2] Even more telling is that counsel for the State Defendants spoke with Plaintiff on March 10, 2022, regarding the case, evidencing that Plaintiff was aware that his case was on-going and yet he has completely failed to take any action whatsoever since well before that date. The undersigned believes that the forgoing demonstrates that Plaintiff has chosen to abandon this case.

5

("Plaintiff's approximately four-month period of seemingly deliberate inaction after advising the Court she did not wish to proceed *pro se* supports dismissal of the case."); *Brown v. General Nutrition Cos.*, 356 F. App'x. 482, 486 (2d Cir. 2009) (a "four-month delay cannot be said to be of insignificant duration").

Regarding the second factor, where a plaintiff is *pro* se the Second Circuit has noted that the notice given regarding dismissal must be more specific, in that at least one notice must warn the plaintiff that a failure to respond will result in dismissal. *Lucas*, 84 F.3d at 535. As indicated above, the undersigned issued the Order to Show Cause on February 14, 2022, which specifically stated that Plaintiff must show cause as to why the undersigned should not recommend to the District Court that Plaintiff's case be involuntarily dismissed with prejudice pursuant to FRCP 41(b) for failure to prosecute. The undersigned's Courtroom Deputy then mailed the Order to Show Cause and Notice of Electronic filing to Plaintiff's Brooklyn address. In addition, while the undersigned, as a United States Magistrate Judge, does not have the final authority to dispose of non-consent cases, the undersigned's final warning in the form of recommending the dismissal of Plaintiff's case to the District Judge is clear enough to put Plaintiff on notice that he faces dismissal. Further, given that the recommendation of dismissal is contained in this Report and Recommendation, Plaintiff has one more opportunity to object to the dismissal of his case. In other words, Plaintiff has received multiple warnings that his case could be dismissed. Accordingly, the undersigned believes that this factor also weighs in favor of dismissal. *Lukensow v. Harley Cars of New York*, 124 F.R.D. 64, 66–67 (S.D.N.Y. 1989) (finding dismissal pursuant to FRCP 41(b) proper, in part, where the court

6

warned the plaintiffs that "their continued failure to prosecute diligently this action would result in dismissal.")

The third factor requires the Court to consider whether Plaintiff's inaction has resulted in prejudice to the State Defendants. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where the delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). Here, Plaintiff has created unreasonable delay by failing to take any action for approximately four months, and arguably longer. Therefore, prejudice may be presumed. Further, Plaintiff's delay could result in actual prejudice to the State Defendants. Lapses in time compromise witnesses' availability and their ability to accurately recall the pertinent events. Delays also may affect the preservation of evidence. Further, the delays in conducting discovery caused by Plaintiff have hindered the State Defendant's ability to seek a dispositive resolution of this matter. For these reasons, this factor weighs in favor of dismissal.

The fourth factor requires the Court to balance calendar congestion and a plaintiff's right to present his case. The Second Circuit cautions that "a court must not let its zeal for a tidy calendar overcome its duty to justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968). However, Plaintiff's failure to act for a lengthy duration, failure to respond to the State Defendant's discovery demands, and failure to respond to court orders "more than adequately establishes that [the] case serves as nothing more than to congest the court's docket and divert the court's attention from other matters." *Lewis v. Livingston Cnty.*, 314 F.R.D. 77, 81 (W.D.N.Y. 2016)

7

(citation omitted). Indeed, Plaintiff has not been denied his due process rights. Both the delay and potential dismissal are the result of his own actions. Defendant chose not to appear at the February 9, 2022, scheduling conference and further neglected to respond to the undersigned's Order to Show Cause in effort to preserve his case. Indeed, Plaintiff's own failure to litigate this matter cannot be construed as the denial of the right to present his case. *Dodson v. Runyon*, 957 F. Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). Accordingly, this factor weighs in favor of dismissal.

Lastly, it is unlikely that lesser sanctions would be effective here. Plaintiff has ignored all deadlines and orders in this case for approximately four months. His lack of engagement in this case indicates that Plaintiff is not interested in moving his case forward. *Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177–178 (2d. Cir. 2008) ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"). Indeed, "all litigants, including *pro se* litigants, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 402 (S.D.N.Y.1996), *aff'd*, 111 F.3d 2 (2d Cir.1997) (quoting *McDonald v. Head Crim. Court Supervisor Off'cr*, 850 F.2d 121, 123 (2d Cir. 1988) (internal quotation marks omitted)).


## CONCLUSION

Based on the forgoing, the undersigned recommends that the District Court dismiss Plaintiff's complaint with prejudice pursuant to FRCP 41(b) for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

IT IS SO ORDERED.

DATED:   June 6, 2022
         Rochester, New York

*/s/ Mark W. Pedersen*
MARK W. PEDERSEN
United States Magistrate Judge