UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KAREEM LEE,

                    Plaintiff,

        v.

INVESTIGATOR JOHN DOE, *et al.*,

                    Defendants.
_____

**DECISION AND ORDER**

6:20-CV-06176-EAW-MJP

## <u>INTRODUCTION</u>

*Pro se* plaintiff Kareem Lee ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 seeking relief for alleged constitutional violations committed while he was an inmate at Five Points Correctional Facility ("Five Points"). (Dkt. 1). Currently pending before the Court is the Report and Recommendation (the "R&R") issued by United States Magistrate Judge Mark W. Pedersen recommending the dismissal of Plaintiff's claims against defendants D. Gleason, R. Shields, C. McCargar, K. Diana, M. Griffin, A. Sciolino, Matthew Thoms, and T. Sheldon (collectively "Moving Defendants") with prejudice pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. 54).

For the reasons set forth below, the Court adopts the R&R in its entirety, and further finds that Plaintiff has also failed to prosecute the matter against the remaining, non-moving defendants. As a result, the case is dismissed with prejudice.

## BACKGROUND

On March 23, 2020, Plaintiff filed the instant complaint alleging violations of 42 U.S.C. § 1983 while he was held at Five Points.  (Dkt. 10).  On March 31, 2020, the undersigned issued an Order administratively terminating this action for failure to submit a completed motion to proceed *in forma pauperis* or to pay the filing fee.  (Dkt. 4).  On April 15, 2020, Plaintiff submitted a completed motion to proceed *in forma pauperis* and certification of his inmate account information.  (Dkt. 6).  Thereafter, the Court granted Plaintiff's motion to proceed *in forma pauperis* and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), dismissing a number of Plaintiff's claims unless Plaintiff filed an amended complaint.  (Dkt. 12).  On June 4, 2021, Plaintiff filed a motion for an extension of time to amend the complaint.  (Dkt. 13).  The undersigned granted Plaintiff's motion, extending the deadline to July 7, 2021.  (Dkt. 14).  However, Plaintiff did not file an amended complaint.  The complaint was thereafter served on Moving Defendants, while several other defendants remained unserved.  (*See* Dkt. 18; Dkt. 19; Dkt. 20; Dkt. 21; Dkt. 22; Dkt. 23; Dkt. 24; Dkt. 28; Dkt. 49).

On December 21, 2021, this case was referred to Judge Pedersen for all pretrial matters, excluding dispositive motions.  (Dkt. 38).  Judge Pedersen scheduled a status conference for February 9, 2022, and mailed notification of the hearing to Plaintiff.  (Dkt. 40).  Plaintiff did not appear at the hearing.  (*See* Dkt. 45).

On February 14, 2022, Judge Pedersen issued an Order to Show Cause requiring Plaintiff to show cause on or before March 11, 2022, as to why the matter should not be dismissed for failure to prosecute.  (Dkt. 46).  The Order to Show Cause specifically warned

Plaintiff that failure to respond to the Order would "result in the Court's recommendation that the action be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b)." (Dkt. 46). The Order to Show Cause was mailed to Plaintiff. (Dkt. 54 at 3). On February 28, 2022, Moving Defendants submitted initial disclosures pursuant to Federal Rule of Civil Procedure 26 along with a request that Plaintiff execute two forms authorizing counsel for Moving Defendants to access to Plaintiff's medical records. (Dkt. 48; Dkt. 50-1 at ¶ 7; Dkt. 54 at 4). Plaintiff did not respond to the Order to Show Cause or to Moving Defendants' discovery request.

On April 25, 2022, Moving Defendants moved to dismiss this case in its entirety. (Dkt. 50). The Court referred Moving Defendants' motion to dismiss to Judge Pedersen for a report and recommendation. (Dkt. 51). Plaintiff did not respond to the Moving Defendants' motion to dismiss.

On June 1, 2022, Judge Pedersen issued the R&R, recommending that Plaintiff's claims against Moving Defendants be dismissed with prejudice pursuant to Rule 41(b) for Plaintiff's failure to prosecute. (Dkt. 54). Specifically, Judge Pedersen notes that Plaintiff repeatedly failed to comply with the Court's orders and has taken no affirmative steps to pursue this action since providing notice to the Court of his change of address in December 2021. (*Id.* at 5). The R&R further notes that Moving Defendants' counsel's last contact with Plaintiff consisted of a call on March 10, 2022, in which Plaintiff asked "how [counsel for Moving Defendants] think[s] about the case." (*Id.* at 4 (citing Dkt. 50-1 at ¶6)). Moving Defendants' counsel recommended that Plaintiff write to the Court and copy counsel. (*Id.* (citing Dkt. 50-1 at ¶6)). Plaintiff provided no submissions to the Court. (*See id.*).

## DISCUSSION

### I.   Moving Defendants' Motion to Dismiss

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to the R&R. No objections were filed. The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). Notwithstanding the lack of objections, the Court has conducted a careful review of the R&R, as well as the prior proceedings in the case, and finds no reason to reject or modify the R&R. Accordingly, the matter will be dismissed as to the Moving Defendants.

### II.   Failure to Prosecute as to Remaining Defendants

A number of additional defendants—primarily John Doe defendants—who have not been identified or served, remain pending in this action.[1] (*See* Dkt. 28; Dkt. 49; Dkt. 54 at 2 n.1). As with Moving Defendants, Plaintiff has taken no action to pursue his claims against these defendants (the "Non-moving Defendants") (collectively with Moving Defendants, "Defendants").

---

[1]     One of the remaining, unserved defendants is Raul Hernandez. On January 21, 2022, the Court ordered the New York Attorney General's Office to provide Hernandez's name and an address at which he could be served pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997). (Dkt. 42). This information was provided to the Court. (Dkt. 44). The United States Marshals Service was unable to effectuate service on Hernandez. (Dkt. 49).

Although Non-moving Defendants did not file a motion to dismiss pursuant to Rule 41(b), "the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*" for failure to prosecute. *Thuman v. Dembski*, No. 13-CV-01087A(F), 2022 WL 958314, at *3 (W.D.N.Y. Jan. 25, 2022) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)), *adopted*, 2022 WL 954419 (W.D.N.Y. Mar. 30, 2022); *accord Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (summary order) ("it is well established that Rule 41(b) 'gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute'") (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).  Moreover, this District's Local Rule of Civil Procedure 41(b) provides:

> If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or if no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.  The parties shall respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed.  They need not appear in person.  No explanations communicated in person, over the telephone, or by letter shall be accepted.  If the parties fail to respond, the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires.

L. R. Civ. P. 41(b).

As discussed above, Judge Pedersen issued such an Order to Show Cause in this case, and warned that Plaintiff faced dismissal of this action with prejudice if he failed to respond to the Order.  (*See* Dkt. 46).  The factual bases underlying the R&R's findings recommending dismissal of Plaintiff's claims as to Moving Defendants are in all material respects identical as to Non-moving Defendants.  Namely, Plaintiff did not submit a

- 5 -

proposed discovery plan in accordance with the Court's Order issued January 13, 2022, failed to appear for the scheduled hearing on February 9, 2022, has not responded to the Court's Order to Show Cause, has repeatedly failed to comply with the Court's orders, did not respond to the Moving Defendants' motion to dismiss, and has taken no affirmative steps to pursue this matter in more than ten months.  (*See* Dkt. 54 at 5-7); *see also Davis*, 597 F. App'x at 32 (finding that that an eight-month delay in the plaintiff's action was sufficient to warrant dismissal pursuant to Rule 41(b)).

In sum, it appears that Plaintiff has simply abandoned this action.  Under these circumstances, dismissal for failure to prosecute is warranted.  *See, e.g., Urgiles v. Dep't of Corr. of N.Y. State*, No. 20-CV-04373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021) ("Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate.") (citing *Mena v. City of N.Y.*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017)).  Plaintiff's continued inaction in this matter and failure to comply with the Court's Orders indicates that he has abandoned the litigation both as to Moving Defendants and Non-moving Defendants.  Thus, dismissal with prejudice pursuant to Rule 41(b) is warranted.

## **CONCLUSION**

For the foregoing reasons, the Court adopts the R&R (Dkt. 54) in its entirety and further concludes that Plaintiff's claims against Non-moving Defendants should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule of Civil Procedure 41(b) for failure to prosecute.  The Clerk of Court is hereby directed to enter judgment in favor of Defendants and close the case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      November 17, 2022
            Rochester, New York

- 7 -